FILED

FEB 1 0 2011

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLACKAMAS COUNTY,

        Plaintiff,

                                   CV 07-780-PK

                                   OPINION AND

v.                                   ORDER


MIDWEST EMPLOYERS CASUALTY
COMPANY,

        Defendant.

PAPAK, Magistrate Judge:

        Plaintiff Clackamas County filed this action against defendant Midwest Employers

Casualty Company ("Midwest Employers") in the Clackamas County Circuit Court on April 20,

2007. Midwest Employers removed the County's action to this court on May 25, 2007, on the

basis of diversity. On December 22, 2010, I issued an order granting summary judgment in

Midwest Employers' favor. On January 20, 2011, Clackamas County timely filed notice of

appeal from final judgment in this action to the United States Court of Appeals for the Ninth

Circuit.

        Now before the court is Midwest Employers' bill of costs (#109). For the reasons set

Page 1 - OPINION AND ORDER

forth below, Midwest Employers is awarded its costs in the amount of $1,921.24, and execution

of this order is stayed pending resolution of Clackamas County's appeal from judgment in this

action.

## LEGAL STANDARD

The entitlement of a prevailing party in a federal lawsuit to recover its costs, other than

attorney fees, is governed by Federal Civil Procedure Rule 54(d)(1).  In relevant part, Rule

54(d)(1) provides that such costs "should be allowed to the prevailing party" except where

federal statute, the rules of civil procedure, or a court order "provides otherwise."  Fed. R. Civ. P.

54(d)(1).  "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing

party, but vests in the district court discretion to refuse to award costs."  *Association of*

*Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000), *citing National*

*Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995).  "A district court need not

give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying

costs are not sufficiently persuasive to overcome the presumption in favor of an award."  *Save*

*Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).  However, in the event a court

declines to award a prevailing party its costs under Rule 54(d)(1), its reasons for so declining

must be specified.  *See Association of Mexican-American Educators*, 231 F.3d at 591, *quoting*

*Subscription Television, Inc. v. Southern Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir.

1978).  It is the burden of the party against whom costs are to be taxed to establish grounds for

denying award of costs.  *See Save Our Valley*, 335 F.3d at 944-945, *citing National Info. Servs. v.*

*TRW, Inc.*, 51 F.3d 1470, 1471-1472 (9th Cir. 1995).

The expenses that the district courts are authorized to tax as costs under Rule 54(d)(1) are

Page 2 - OPINION AND ORDER

enumerated at 28 U.S.C. § 1920. *See* 28 U.S.C. § 1920; *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-445 (1987). Although the district courts have broad discretion to allow or disallow a prevailing party to recoup the ordinary costs of litigation, the court may not rely on that discretion to tax expenses beyond those enumerated at Section 1920. *See id.; see also Frederick v. City of Portland,* 162 F.R.D. 139, 142 (D. Or. 1995). Nevertheless, the district courts enjoy independent discretion to construe and interpret the expenses enumerated at Section 1920. *See Alflex Corp. v. Underwriters Lab., Inc.,* 914 F.2d 175, 177-178 (9th Cir. 1990) (*per curiam*).

## DISCUSSION

Midwest Employers requests an award of its costs in the total amount of $6,932.71. This amount includes $350.00 in fees paid to the clerk of court, $105.00 in fees paid for the service of a subpoena *duces tecum* on Clackamas County's insurance broker, $105.00 in fees paid for service of five trial subpoenas, $1,592.25 in fees paid for copies of deposition transcripts, $578.99 in deponent appearance fees, $887.25 in copying charges, and $3,314.22 in travel expenses incurred in connection with deposing witnesses residing outside of Oregon. Clackamas County objects generally to award of any of Midwest Employers' costs, and in the alternative objects with particularity to a total of $5,898.72 of Midwest Employer's requested costs. In the event the court elects to award Midwest Employers some or all of its litigation costs, the County additionally requests that the court stay execution of the cost award pending resolution of the County's appeal from judgment in this action.

As a preliminary matter, I address the County's argument that this action presents circumstances justifying a general denial of the prevailing party's bill of costs. Clackamas

County asserts that award of Midwest Employers' costs would "chill" the willingness of insured parties to challenge wrongful denials of coverage by their insurers. The County also argues that because it is a public entity whose assets are effectively the public fisc, it would be contrary to public policy to tax it with Midwest Employer's litigation expenses. Neither argument is compelling. As to the first argument, every unsuccessful federal litigant faces the possibility of an award of the prevailing party's litigation expenses, so that the potential chilling effect of a cost award in this action does not set this action apart from the general run of legal actions in which the prevailing party is presumptively entitled to award of costs. As to the second argument, Congress could have elected to make public entities exempt from award of costs under Federal Civil Procedure Rule 54(d)(1), but did not do so. I infer, therefore, that an unsuccessful litigant's status as a public entity does not constitute a compelling ground for declining to tax the public entity with the prevailing party's costs under the rule. Because nothing in the record suggests that this action constitutes the extraordinary case in which award of costs under Rule 54(d)(1) is not justified, I conclude that Midwest Employers, as the prevailing party, is entitled to tax the County with certain of its litigation expenses.

The expenses that may properly be taxed as a prevailing party's costs under Rule 54(d)(1) are the following:

(1)     Fees of the clerk and marshal;

(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters,
        and salaries, fees, expenses, and costs of special interpretation
        services. . . .

28 U.S.C. § 1920. Clackamas County argues that certain of Midwest Employers' requested costs

may not properly be taxed under Section 1920, specifically the $105.00 in fees paid for the

service of a subpoena *duces tecum* on the County's insurance broker, the $1,592.25 in fees paid

for copies of deposition transcripts, the $3,314.22 in travel expenses, and the $887.25 in copying

charges.

The County offers competent evidence into the record that the $105.00 in fees paid for

the service of a subpoena *duces tecum* on the County's insurance broker, as well as $81.75 in

copying charges incurred in connection with obtaining the documents produced in response to

the subpoena, were unnecessarily incurred, in that the County would have produced the

documents demanded from the insurance broker through discovery had it been requested to do

so, without need for service of a subpoena. Because I agree with the County that it would be

inappropriate to tax it with litigation expenses that need not have been incurred, I exercise my

discretion not to award Midwest Employers its costs associated with service of the subpoena

*duces tecum*, or with paying copying charges for the documents produced in response.

The County notes, correctly, that Midwest Employers never offered into evidence or

purported to rely upon any portion of the depositions in connection with which it requests award

of $1,592.25 in fees paid for copies of transcripts. As such, these depositions cannot properly be

construed as "necessarily obtained for use in the case," and may not properly be taxed to the

County under Rule 54(d)(1).

Page 5 - OPINION AND ORDER

As the County notes, the $3,314.22 in travel expenses with which Midwest Employers seeks to tax the County was incurred in connection with obtaining those same depositions, and thus were likewise not necessarily incurred.  Moreover, applicable Ninth Circuit jurisprudence establishes that travel expenses are not taxable under Section 1920, although they may often be recovered as compensable out-of-pocket expenses in connection with an attorney fee award, pursuant to 42 U.S.C. § 1988.  *See, e.g.*, *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 581 (9th Cir. 2010); *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991).  These expenses therefore may not be taxed to the County.

Clackamas County notes that Midwest Employers seeks award of $199.50 in fees paid to the court clerk to obtain copies of documents filed in underlying litigation.  The County offers competent evidence that Midwest Employers could have obtained those documents from the County through discovery, without incurring such fees.  Because the documents could have been obtained without incurring the fees, the copies obtained from the court were not "necessarily obtained for use in the case," and it would therefore be inappropriate to tax the County with the expenses incurred in obtaining them.

Finally, the County objects to $478.20 in charges incurred in connection with copying documents for production to the County in discovery, and to a total of $127.80 in charges incurred in connection with creating "bench cop[ies]" of Midwest Employers' court filings in this action.  Taxation of these expenses is not authorized under Section 1920, and therefore may not properly be taxed to the County under Rule 54(d)(1).

For the foregoing reasons, Midwest Employers is awarded its costs in the amount of $1,921.24.  The County requests that execution of Midwest Employers' award of costs be stayed

Page 6 - OPINION AND ORDER

pending resolution of its pending appeal from the judgment in this action.  Because Midwest Employers will ultimately be entitled to award of its costs only if it prevails on the County's appeal, it is appropriate to grant the County's request for stay of execution.  Execution of Midwest Employers' award of costs is therefore stayed, pending resolution of the County's appeal.

## CONCLUSION

For the reasons set forth above, Midwest Employers' bill of costs (#109) is granted in part and denied in part, Midwest Employers is awarded its costs in the amount of $1,921.24, and execution of this order is stayed pending resolution of Clackamas County's appeal from judgment in this action.

Dated this 10th day of February, 2011

Honorable Paul Papak
United States Magistrate Judge